IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TAYLOR MCAFEE,
    Plaintiff(s),

vs.

WILLIAMSON COUNTY BOARD OF EDUCATION,
    Defendant(s).

Docket No.
JURY DEMAND (6)

# COMPLAINT

## I. Introduction

1. Taylor McAfee is a former student at Franklin High School in Franklin, Williamson County, Tennessee. While enrolled at this school, she was the victim of a sexual assault by a male teacher whom the Defendant school system knew or should have known had a history of assaulting other students and a propensity for inappropriate sexual behavior. As a result of the school system's deliberate indifference toward the educational rights of the Plaintiff, the Defendant is liable to the Plaintiff for damages under Title IX of the Civil Rights Act of 1964, 20 U.S.C. § 1681(a).

## II. Jurisdiction

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 (3) and (4), this action being authorized by 20 U.S.C. § 1681(a), part of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688.

3. Venue for this case properly lies in the Middle District of Tennessee, in that the Plaintiff resides therein, and all acts resulting in a violation of the Plaintiff Taylor McAfee's rights occurred therein.

### III.     Identity of Parties

4. Plaintiff Taylor McAfee is an adult citizen and resident of Williamson County, Tennessee. Plaintiff is nineteen years old and reached majority age on November 13, 2020.

5. Defendant Williamson County Board of Education ("Defendant WCBE") is a local public county school system created and existing by virtue of the laws of the State of Tennessee. WCBE is the governing entity having authority over Franklin High School and at all times relevant to this action was a knowing recipient of federal funds.

### IV.     Factual Allegations

6. On February 10, 2021, Taylor McAfee, then age eighteen, was sexually assaulted by a male teacher Jon Hill in a classroom at Franklin High School. While the Plaintiff was alone in Mr. Hill's classroom picking up past due work, Mr. Hill walked behind the student, slapped her on the butt, stated "make sure you get it done," and then proceeded to sit down in his chair acting as if nothing happened. In the weeks prior to these events, Mr. Hill had stroked the Plaintiff's arms and called her "sweetheart."

7. After the above incident, the Plaintiff immediately reported this incident to the school counselor Reginia Guess who reported the matter to the school principal Dr. Shane Pantall.

8. After learning of the above events, Dr. Pantall approached Mr. Hill to learn more about the events. In response, Mr. Hill immediately named the Plaintiff specifically and told Dr. Pantall that he "popped" the plaintiff on her rear end with the backside of his hand. Mr. Hill claimed that he did not have any inappropriate intent, but instead was merely trying to get the student's attention.

9. Based upon the evidence presented, Mr. Hill was suspended for two days; however, he was subsequently allowed to return to the classroom.

10. On the afternoon of Friday, March 5, 2021 at approximately 3:30 PM after school was out, the Plaintiff and her mother were contacted and informed that Mr. Hill would be returning to resume as the Plaintiff's teacher the following Monday on March 8, 2021. During that conversation, the Plaintiff and her mother were not informed of any accommodations for the Plaintiff to avoid further exposure to Mr. Hill, nor were they told of any rights. Instead, the Plaintiff and her mother were merely told to send an e-mail to the principal if they wished.

11. After speaking with the principal, the Plaintiff was given the option of completing the ecology class (Mr. Hill's class) online and any further projects due to Mr. Hill would be graded by the principal.

12. Based upon information and belief, Plaintiff alleges that Mr. Hill assaulted another student at Franklin High School at or about the same time that the Plaintiff was assaulted. Given this, the Plaintiff alleges that the Defendant WCBE knew our should have known of Mr. Hill's propensity to commit sexual assaults on its female student population, yet WCBE did nothing to protect them.

## V. Cause of Action

### Violation of Title IX of the Civil Rights Act
### 20 U.S.C. §1681(a)

13. Plaintiff incorporates herein by reference the allegations set forth in ¶¶ 1 through 12, and does further allege as follows:

14. Title IX of the Education Amendments of 1972 provides that, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance …" 20 U.S.C. § 1681(a). Title IX contains an implied private right of action, and damages are available as a remedy.

15. The sexual harassment of the Plaintiff in this case was so severe, pervasive and objectively offensive that it served to deprive her of access to the educational opportunities or benefits provided by the school.

16. WCBE is a recipient of federal funds.

17. WCBE had actual knowledge of the repeated acts of sexual harassment.

18. The sexual harassment alleged in this Complaint took place in a context subject to the school district's control and in circumstances wherein the school district exercises substantial control over both the harasser and the context in which the known harassment occurred.

19. WCBE's response to the harassment or lack thereof was clearly unreasonable in light of the known circumstances and constitutes deliberate indifference.

20. As a consequence of the severe, pervasive, and objectively offensive conduct of Mr. Hill, the Plaintiff was deprived of access to certain educational opportunities or benefits provided by the school. Specifically, she was placed in an online classroom rather than a normal school environment, she was not allowed to interact with her friends during a regular school setting, and she had to explain to other students why she was being placed in online school.

21. The Plaintiff has also suffered mental anguish and emotional suffering as a consequence of the sexual assault committed by Mr. Hill and the lack of action taken by the Defendant WCBE and she has had to undergo psychological counseling to cope with these events.

**WHEREFORE, PLAINTIFF DEMANDS:**

1. That Plaintiff be allowed to file this Complaint and that the named Defendant, WILLIAMSON COUNTY BOARD OF EDUCATION, be required to answer within the time prescribed by law;

2. That upon final hearing, the Plaintiff be awarded a judgment against the Defendant for compensatory damages in an amount up to One-Million-Dollars ($1,000,000);

3. That a jury of six be empaneled to hear and try all issues properly triable by a jury;

4. That Plaintiff have and recover such further and general relief as to which she may be entitled, including court costs and reasonable attorney fees under 42 U.S.C. § 1988.

RESPECTFULLY SUBMITTED:

_/s/ David R. Grimmett_
David R. Grimmett (BPR #024454)
Grimmett Law Firm, PLLC
3326 Aspen Grove Drive
Suite 310, Lincoln Square
Franklin, TN 37067
Phone: (615) 933-8000
Fax: (615) 551-1181
E-Mail: dgrimmett@grimmettlawfirm.com
*Attorney for: Taylor McAfee*